# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IVOR RONALD GILLINGS** | **:** | **DOCKET NO. 2:06-cv-188**<br>**Section P** |
| **VS.** | **:** | **JUDGE MINALDI** |
| **ALBERTO GONZALES, ET AL.** | **:** | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Ivor Ronald Gillings, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges his detention by immigration officials. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

On July 29, 2005, petitioner was found to be removable by an immigration judge in Oakdale, Louisiana. Petitioner appealed the decision of the immigration judge to the Board of Immigration Appeals (BIA), and on November 8, 2005, the BIA affirmed the decision of the immigration judge.

Petitioner filed this *habeas* petition on February 2, 2006, seeking to have the court order his release from post-removal-order custody. In support of his request, the petitioner claims that he has been detained beyond the presumptively reasonable removal period established by the Supreme Court in *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001).

## LAW AND ANALYSIS

Petitioner is being detained in post-removal-order detention pursuant to INA §241(a)(6). This statute specifically allows for detention of certain inadmissible or criminal aliens beyond the 90 day removal period established by INA §241(a)(1). However, in *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States."

*Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

Petitioner's removal order became administratively final on November 8, 2005 when the BIA issued its decision. Accordingly, the court finds that petitioner not been in custody pursuant to INA §241(a) for more than six months. Additionally, there is nothing in the record to indicate that petitioner has been in detention beyond what is reasonably necessary to bring about his removal from the United States. For this reason, this claim should be dismissed as premature.

Accordingly,

IT IS RECOMMENDED that petitioner's challenge to his post-removal-order custody be DENIED as premature and that this petition be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of April, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE