# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| IVOR RONALD GILLINGS | : | DOCKET NO. 2:06-cv-188 |
| --- | --- | --- |
| | | Section P |
| VS. | : | JUDGE MINALDI |
| ALBERTO GONZALES, ET AL. | : | MAGISTRATE JUDGE WILSON |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Ivor Ronald Gillings, pursuant to 28 U.S.C. § 2241 and a supplemental petition[1]. By this petition and supplemental petition, the petitioner challenges his removal order and his detention by immigration officials. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

Petitioner states that he entered the United States on August 3, 1988 as a lawful permanent resident and that he continued to reside here continuously thereafter. He further states that on November 17, 1988 he registered for the Selective Services of the United States Armed Forces and that on November 20, 1999 he applied for Naturalization with the Immigration Service. *See* Petitioner's Exhibits A & B attached to supplemental petition.

On July 12, 2002, petitioner was convicted of various controlled substance related offenses

---

[1] On April 20, 2006, the undersigned issued a Report and Recommendation finding that the petitioner's challenge to his post-removal-order detention is premature. In response to the Report and Recommendation, the petitioner filed a "Motion to Supplement" [doc. 6] wherein he provides the court with additional facts in support of his claim and clarifies that he seeks to challenge both his removal order and his detention. The court granted petitioner's motion to the extent that it allowed the motion to be filed in the record as a supplemental petition.

in the United States District Court for the Northern District of Georgia. For these offenses, he was sentenced to 78 months in prison. He states that his projected release date is June 4, 2006.

On July 29, 2005, petitioner was found to be removable by an immigration judge in Oakdale, Louisiana. Petitioner appealed the decision of the immigration judge to the Board of Immigration Appeals (BIA), and on November 8, 2005, the BIA affirmed the decision of the immigration judge.

In petitioner's *habeas* petition and supplemental petition, he challenges his removal order on the grounds that he is a national of the United States and because removing him to Jamaica will result in extreme hardship to him. He also challenges his detention in post-removal-order custody and seeks to have the court order his request for release on bond.

## LAW AND ANALYSIS

### I. Challenge to Removal Order

As a threshold matter, this court must consider its jurisdiction to review petitioner's challenge to his final removal order.

On May 11, 2005, President Bush signed into law the "REAL ID Act of 2005. *See* Pub.L.No.109-13, Div. B, 119 Stat. 231.[2] Section 106 of this Act specifically addresses judicial review of removal orders. Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a)[3] to

---

[2] The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

[3] Section 106(a)(1)(A)(iii) of the Real ID Act adds the following language to INA § 242(a):
(5) EXCLUSIVE MEANS OF REVIEW.-- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

clarify that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order. These jurisdictional amendments became effective upon enactment of this Act. *See* § 106(b).

In light of this legislation, the undersigned finds that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition to the extent it challenges his removal order.

Further, because this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case, and the petition should be dismissed for lack of jurisdiction to the extent that it challenges petitioner's removal order.[4]

## II. Challenge to Detention

Section 241 of the Immigration & Nationality Act (INA) governs the detention of aliens who have been ordered removed from the United States. INA § 241(a)(1)(A) generally provides the Attorney General with 90 days to effect the removal of an alien from the United States after an order of removal. This period of 90 days is referred to as the "removal period." By operation of INA § 241(a)(1)(B), the removal period begins on the latest of three dates:

(i) The date of the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal

---

[4]Section 106(c) of the Real ID Act states as follows:
(c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, **is pending in a district court on the date of the enactment of this division**, **then the district court shall transfer the case** (or the part of the case that challenges the order of removal, deportation, or exclusion) **to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act** (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply. (emphasis added).

> of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Because of his criminal status, petitioner is subject to mandatory detention during the removal period. *See* INA § 241(a)(2). Detention beyond the 90-day removal period is authorized under INA § 241(a)(6) for certain inadmissible or criminal aliens such as petitioner.[5]

From the facts presented by the petitioner in his supplemental petition, it is clear that petitioner was serving a criminal sentence at the time that his removal order became final on November 8, 2005. Therefore, his removal period will not commence until his release from that term of incarceration, i.e. on June 4, 2006. INA § 241(a)(1)(B)(iii); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 738 (5th Cir. 2005)("Rosales' removal period does not start until his state term of incarceration ends.").

Because petitioner's removal period has not yet commenced and because petitioner is subject to mandatory detention during his removal period, his request for release on bond is premature.

Accordingly,

IT IS RECOMMENDED that the petitioner's challenge to his removal order be DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that petitioner's challenge to his detention be DENIED and as premature.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.

---

[5] In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for immigration detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of May, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE